UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EDUARDO BOSCARELLO,

                        Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer KATHRYN BARRY, Tax. No. 936175; Police Officer MICHAEL BRILLANTE, Tax. No. 952493; Sgt. ADRIAN DEJESUS; Tax. No. 944491; Det. KONSTANT GENIN, Tax. No. 943290; Det. HORN, Tax. No. 944659; NYPD Officers JOHN and JANE DOE 1 through 10; and all defendants individually and in their official capacities,

                        Defendants.

**AMENDED COMPLAINT**

Jury Trial Demanded

<u>ECF Case No. 21-cv-3437</u>

-------------------------------------------------------------------X

      PLAINTIFF EDUARDO BOSCARELLO, by PLAINTIFF'S attorneys, the LAW OFFICE OF KATHERINE E. SMITH and LAW OFFICES OF ADAM J. ROTH, P.C.., complaining of the defendants, respectfully alleges as follows:

**<u>NATURE OF THE ACTION</u>**

      1.     PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, Police Officer KATHRYN BARRY, Tax. No. 936175; Police Officer MICHAEL BRILLANTE, Tax. No. 952493; Sgt. ADRIAN DEJESUS; Tax. No. 944491; Det. KONSTANT GENIN, Tax. No. 943290; Det. HORN, Tax. No. 944659; and NYPD Officers JOHN and JANE DOE 1 through

1

10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## PARTIES

1.  PLAINTIFF EDUARDO BOSCARELLO, is a male and has been at all relevant times a resident of RICHMOND County in the City and State of New York.

2.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

4.  At all times relevant defendants Police Officer KATHRYN BARRY, Tax. No. 936175; Police Officer MICHAEL BRILLANTE, Tax. No. 952493; Sgt. ADRIAN DEJESUS; Tax. No. 944491; Det. KONSTANT GENIN, Tax. No. 943290; Det. HORN, Tax. No. 944659; NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. PLAINTIFF does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

5.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

7. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK

## JURISDICTION, VENUE, AND TIMELINESS

8. This action is brought under 42 USC 1983, so jurisdiction is properly before this court pursuant to Federal Question Jurisdiction; 28 USC 1331.

9. Venue is proper under 28 USC 1391(b)(2).

10. The instant cause of action accrued on July 4, 2020.

11. On or about November 3, 2020, the plaintiff filed a Notice of Claim with the City of New York.

12. Pursuant to Governor Cuomo's Executive Orders 202.14 et. al., the statute of limitations was suspended due to the Covid-19 pandemic, so the Notice of Claim is deemed timely filed.

13. The City of New York held a statutory hearing, pursuant to General Municipal Law 50-H, of the plaintiff on March 30, 2021.

14. Therefore, all statutory predicates to filing suit have been met, and the matter is constitutionally ripe for adjudication.

## STATEMENT OF FACTS

15. On or about July 4, 2020, at or around 5:13 a.m., PO BRILLANTE and PO BARRY allegedly responded to a noise complaint, arriving at the parking lot of St. Joseph St. Thomas Church, located on Maguire Avenue in the vicinity of the Korean War Veterans Parkway, Staten Island, New York.

16. PO BRILLANTE was driving NYPD vehicle No. #4093 as the assigned "operator."

17. PO BARRY was in the passenger seat of NYPD vehicle No. #4093 as the assigned "recorder."

18. When PO BRILLANTE and PO BARRY arrived at the church parking lot, they did not observe any noise, fireworks, or any other unlawful behavior.

19. PO BRILLANTE and PO BARRY observed a dark sedan, within which was PLAINTIFF and several acquaintances (the "Vehicle").

20. PO BRILLANTE and PO BARRY did not activate lights or sirens or attempt to stop the Vehicle.

21. PO BRILLANTE and PO BARRY followed the Vehicle as it exited the church parking lot.

22. PO BRILLANTE and PO BARRY's pursuit of the Vehicle was unlawful, since they had no probable cause, reasonable suspicion, and was otherwise not permitted under PG 221-15.

23. Notwithstanding, PO BRILLANTE and PO BARRY pursued the Vehicle from the parking lot, onto the Korean War Veterans Parkway, to Arden Avenue exit, and then onto Drumgoole Road.

24. PO BRILLANTE and PO BARRY used excessive force, assaulted, battered, and were otherwise negligent and reckless in their pursuit of the Vehicle, causing the Vehicle to crash.

25. During their pursuit of the Vehicle, PO BRILLANTE and PO BARRY were deliberately indifferent to PLAINTIFF'S safety and medical needs; they were aware of the serious risk of harm to PLAINTIFF and disregarded that risk.

26. At no point did PO BRILLANTE and PO BARRY notify the radio dispatcher and supervisor of the pursuit of the Vehicle, in violation of PG 221-15 and PG 203-10.

27. At no point did PO BARRY activate their body cameras after initiating pursuit of the Vehicle, in violation of PG 212-123.

28. At no point during the pursuit were lights and sirens activated by PO BRILLANTE and PO BARRY.

29. In fact, PO BARRY and PO BARRY deactivated and rendered inoperable the NYPD vehicle's AVL History and DASLITE history, so as to disguise their involvement.

30. Moreover, PO BRILLANTE and PO BARRY made incomplete and improper memo book entries concerning the incident.

31. Indeed, immediately following the Vehicle crash, PO BRILLANTE and PO BARRY did not notify their command, 911, or attempt to render aid in any way.

32. PO BRILLANTE and PO BARRY failed to notify anyone of the Vehicle crash to hide their involvement and pursuit of the Vehicle.

33. In fact, immediately following the crash, PO BRILLANTE and PO BARRY driving in excess of the speed limit, drove through visible rubble in the road and past the obvious Vehicle crash to continue along Drumdoogle, without lights and sirens activated.

34. In so doing, PO BRILLANTE and PO BARRY disregarded the obvious risk of serious harm to PLAINTIFF and were deliberately indifferent to PLAINTIFF'S safety and medical needs, exacerbating PLAINTIFF's injuries.

35. PO BRILLANTE and PO BARRY continued along Drumgoole Road until a civilian flagged them down and told them about the crash - that they had caused - and had just driven past.

36. Unable to disregard the Vehicle crash any longer, PO BRILLANTE and PO BARRY made a U-turn, activated their lights for the first time, and drove back to the scene of the accident.

37. Upon arriving at the Vehicle crash, PO BRILLANTE and PO BARRY, however, failed to render appropriate aid and were talking on their phones, prompting civilians to call 911 and render aid.

38. As a result of the acts and inactions of the City, the individually named defendants, including the John/Jane Doe defendants, PLAINTIFF suffers from permanent medical injuries, including paralysis below the waist, inability to control bladder and bowel function as well as numerous fractures which required emergent surgical intervention, inter alia.

39. Moreover, on or about December 16, 2021, after the filing of the original complaint in this action and soon after the initial conference with the court, and in retaliation for same, NYPD officers including Det. GENIN falsely arrested PLAINTIFF.

40. Det. GENIN arrested PLAINTIFF despite the fact that he knew there was no probable cause to believe that PLAINTIFF had committed any crimes or offenses.

41. In fact, Det. GENIN and Det. HORN possessed exculpatory evidence, but disregarded this evidence and arrested PLAINTIFF to continue to conceal and obfuscate NYPD involvement in the Vehicle crash.

42. Indeed, on the date of the incident, Det. GENIN informed individuals that there was *not* a police pursuit, even when he knew that to be false.

43. Moreover, Det. HORN and Det. GENIN, in official NYPD paperwork, specifically omitted evidence of PO BRILLANTE and PO BARRY pursuit of the Vehicle.

44. Defendants PO BRILLANTE, PO BARRY, Det. HORN, Sgt. DEJESUS, and GENIN and the DOE Defendants falsely informed employees of the Richmond County District Attorney's Office ("DA's Office") that PLAINTIFF committed various crimes/offenses.

45. None of the NYPD defendants observed PLAINTIFF violate any laws / ordinances and they otherwise did not have probable cause to believe he committed any crimes or offenses, particularly in light of exclamatory evidence that they ignored.

46. The allegations made by PO BRILLANTE, PO BARRY, Det. HORN, Sgt. DEJESUS, GENIN and the DOE Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

47. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/or continue the criminal prosecution of PLAINTIFF.

48. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

49. Moreover, following the incident PO BRILLANTE, and PO BARRY actively attempted to conceal police involvement, including, but not limited to 1) deactivating / deleting AVL history for police vehicle #4093; 2) deactivating / deleting DASLITE history for police vehicle #4093; 3) failing to make complete and proper memo book entries; 4) failure to activate body cameras, 4) fabricating testimony within NYPD paperwork and departmental hearings; and 5) fabricating evidence in the criminal matter.

50. Defendants Det. GENIN, Det. HORN, and Sgt. DEJESUS omitted evidence of NYPD involvement in the incident; namely that PO BRILLANTE, and PO BARRY pursued the Vehicle and drove past the accident without stopping.

51. Moreover, defendants Supervisors, including Sgt. DEJESUS, and John/Jane Doe supervisors failed to properly train, supervise, and discipline NYPD officers including defendants PO BRILLANTE and PO BARRY, concerning use of personal body cameras and PG 212-123.

52. Sgt. DEJESUS, and John/Jane Doe supervisors failed to properly train, supervise, and discipline NYPD officers including defendants PO BRILLANTE and PO BARRY, concerning vehicle pursuits, in conformance with PG 221-15.

53. According to the relevant patrol guides (PG 221-15) and applicable laws, a police chase should never have been undertaken in this instance, due, in part, to the "nature of the offense...time of day."

54. Moreover, even after they undertook the vehicle pursuit, John/Jane Doe officers disregarded relevant factors outlined by patrol guides when undertaking a chase. Specifically, P.G. 221-15(3), explicitly dictates that the pursuing police must "notify radio dispatcher at the start of the pursuit" and "utilize the vehicle's emergency signaling devices intelligently" and "request other units."

55. But for PO BRILLANTE and PO BARRY actions, and failure to train, supervise, and discipline by Defendants Sgt. DEJESUS, and John/Jane Doe supervisors, and the City of New York, PLAINTIFF would not have been severely injured.

56. Moreover, on the date of the incident, Defendants PO BRILLANTE and PO BARRY, did not report their whereabouts to their supervisors and did not report back to central the result of their response to the precinct condition in the parking lot and disableed their vehicle location systems. As such, Sgt. DEJESUS and John/Jane Doe supervisors were on notice that PO BRILLANTE and PO BARRY were in violation of multiple rules and regulations and should have taken action, thereby preventing the Vehicle crash.

57. Defendants Sgt. DEJESUS, and John/Jane Doe supervisors were also on notice of PO BARRY's prior disciplinary record, including multiple allegations of misconduct, and failed to train, supervisor, and discipline BERRY.

58. Specifically, in generating police reports and other official documentation, PO BRILLANTE, PO BARRY, Sgt. ADRIAN DEJESUS, Det. GENIN, Det. HORN and the John/Jane Doe Officers concealed police involvement and failed to indicate that NYPD officers were involved in any pursuit.

59. As a result of defendants' actions, PLAINTIFF suffered, and continues to suffer severe physical, emotional distress, mental anguish, fear, pain, bodily injury, anxiety and has incurred over $350,000 in medical bills which continue to accrue.

## CLAIM ONE
## Under State and Federal Law
## UNLAWFUL STOP, SEARCH, AND SEIZURE

60. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

61. As a result of the aforesaid conduct by defendants, PLAINTIFF's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## CLAIM TWO
## Under Federal Law
## FAILURE TO INTERVENE

62. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

63. Those defendants, including NYPD Officers MULLARKEY, RODRIGUEZ, GIANACOPULOS, and DOE police officers that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

65. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM THREE
## Under State and Federal Law
## UNREASONABLE FORCE

66. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

67. The defendants violated the Fourth and Fourteenth Amendments and New York State Law because they used unreasonable, excessive, and unjustified force on PLAINTIFF.

68. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FOUR
## Under State Law
## ASSAULT and BATTERY

69. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

70. Defendants' aforementioned actions placed PLAINTIFF in apprehension of imminent harmful and offensive bodily contact.

71. Defendant police officers touched PLAINTIFF in a harmful and offensive manner.

72. Defendant police officers did so without privilege or consent from PLAINTIFF.

73. As a result of defendants' conduct, PLAINTIFF has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## CLAIM FIVE
### Under Federal Law
### DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS

74. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

75. The individual defendants were aware of a risk to PLAINTIFF's safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF's needs.

76. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

77. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIX
### UNDER STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

78. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

12

79. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

80. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

81. Due to the negligence of the defendants as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## CLAIM SEVEN
## Under State Law
## NEGLIGENCE

82. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

83. Defendants had a duty to act as reasonably prudent police officers.

84. Defendants, in performing the actions complained of, failed to act as reasonably prudent police officers.

85. But for the defendants' negligence, the plaintiff would not have suffered the injuries complained of.

86. The defendants' negligence was the proximate cause of the plaintiff's injuries.

87. As a result of the defendant's negligence, the plaintiff was proximately caused to become paralyzed below the waist.

## CLAIM EIGHT
## Under State Law
## RECKLESSNESS

88.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

89.     Defendants had a duty to act as reasonably prudent police officers.

90.     Defendants, in performing the actions complained of, recklessly failed to act as reasonably prudent police officers.

91.     But for the defendants' recklessness, the plaintiff would not have suffered the injuries complained of.

92.     The defendants' recklessness was the proximate cause of the plaintiff's injuries.

93.     As a result of the defendant's recklessness, the plaintiff was proximately caused to become paralyzed below the waist.

## CLAIM NINE
### Under State and Federal Law
### FALSE ARREST

94.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

95.     The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

96.      As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM TEN
### Under State and Federal Law
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

97. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

98. The individual defendants created false evidence against PLAINTIFF.

99. The individual defendants forwarded false evidence to prosecutors in the [Borough of Incident] County District Attorney's office.

100. In creating false evidence against PLAINTIFF, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFF's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

101. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

### CLAIM ELEVEN
### Under State and Federal Law
### MALICIOUS ABUSE OF PROCESS

102. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

103. The individual defendants issued legal process to place PLAINTIFF under arrest.

104. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

105. The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

106. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

**CLAIM TWELVE**
**Under Federal Law**
**MUNICIPAL MONELL LIABILITY**

102. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

103. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

104. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. Pursuing and stopping individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. Pursing and stopping innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    iii. Fabricating evidence in order to cover up police misconduct;

    iv. Using excessive force, negligent and reckless behavior and vehicle operation to engage in pursuits;

    v. Violating patrol guides to conduct negligent and reckless pursuits of individuals traveling in vehicles;

    vi. Fabricating evidence in order to cover up excessive use of force;

      vii. Destruction of evidence in order to conceal police misconduct;

      viii. Deactivating body worn cameras to conceal police misconduct;

      ix. Deactivating tracking systems including AVL History and DASLITE to conceal vehicle or MOS location; and,

      x. fabricating evidence in order to cover up police misconduct.

105. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

106. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

107. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the PLAINTIFF as alleged herein.

108. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF's constitutional rights.

109. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF's constitutional rights.

110. The acts complained of deprived the PLAINTIFF of his right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have summary punishment imposed upon him; and

17

      D.   To receive equal protection under the law.

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

   ii.   an order awarding punitive damages in an amount to be determined at trial;

  iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

DATED:    New York, New York
          December 22, 2021

                                                                                                            /s/_____
                                                                              Katherine E. Smith
                                                                              233 Broadway, Ste. 900
                                                                              New York, New York 10279
                                                                              Tel/ Fax: 347-470-3707
                                                                              ksmith@legalsmithny.com
                                                                              *Attorney for Plaintiff*


                                                                              Adam Roth, Esq.
                                                                              Law Offices of Adam J. Roth
                                                                              112 Madison Ave, 6th Floor
                                                                              New York, New York 10016
                                                                              212-922-3741
                                                                              212-253-4157
                                                                              adamjrothesq@gmail.com
                                                                              *Attorney for Plaintiff*